FILED
United States Court of Appeals
Tenth Circuit

November 2, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID A. CIEMPA,

      Petitioner-Appellant,

v.

JANE STANDIFIRD, Warden,

      Respondent-Appellee.

No. 11-5104
(D.C. No. 4:11-CV-00063-GKF-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO, EBEL,** and **GORSUCH,** Circuit Judges.

After an Oklahoma state prison disciplinary proceeding found inmate David

Ciempa guilty of "Individual Disruptive Behavior," it revoked his good time

credits. In response to this decision, Mr. Ciempa first appealed to the Oklahoma

Department of Corrections (ODOC) and then filed a petition for review in

Oklahoma state court. The state court, however, dismissed his petition as

untimely under Oklahoma law. After the Oklahoma Court of Criminal Appeals

affirmed this disposition, Mr. Ciempa sought to pursue a 28 U.S.C. § 2241 habeas

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

petition in federal district court, but the district court held the petition procedurally barred. Mr. Ciempa now seeks from us a certificate of appealability (COA) to contest this latest decision.

A COA cannot issue unless the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And where, as here, the district court has dismissed a § 2241 petition on procedural grounds, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Mr. Ciempa proceeds *pro se*, we review his submissions with a generous eye.

Even so, we agree with the district court that Mr. Ciempa procedurally defaulted his claims. *See Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007). Oklahoma law provides that a prisoner seeking judicial review of certain prison disciplinary procedures must file a petition in state court within 90 days of being notified of the ODOC's final decision. *See* Okla. Stat. tit. 57, § 564.1(A). Mr. Ciempa admits that he received notice of ODOC's final decision on July 27, 2009 and yet his petition for review wasn't filed until December 11, 2009 — well over 90 days later. It is also undisputed that the state court refused to consider Mr. Ciempa's claims for this reason.

To be sure, Mr. Ciempa's procedural default may be excused if he can show cause for the default and actual prejudice. *See Magar*, 490 F.3d at 819. To

demonstrate cause, Mr. Ciempa bears the burden of proving that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  He claims this occurred here because he sent two petitions to the Oklahoma state court within the 90 day filing period only to have them returned unfiled.  The problem is Mr. Ciempa's first petition was deficient because he didn't include a statement of his prison accounts.  And while the state court didn't specify the reasons why it returned Mr. Ciempa's second petition, he hasn't presented any evidence that the petition complied with the court's filing requirements and was therefore wrongfully returned.  *See* Okla. Stat. tit. 12, § 2003.1.  A petitioner's failure to comply with state law filing requirements doesn't constitute cause for a procedural default.

Alternatively, Mr. Ciempa argues that the 90 day filing period should have been equitably tolled during the time his deficient petitions were pending.  But he failed to make this claim before the district court or before the Oklahoma state courts and we decline to consider it for the first time on appeal.  *See Matthews v. Workman*, 577 F.3d 1175, 1188 n.5 (10th Cir. 2009).

Mr. Ciempa's application for a COA is denied and this appeal is dismissed.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge